1 | WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
2 | CLAUDIA M. VETESI (CA SBN 233485)
CVetesi@mofo.com
3 | LISA A. WONGCHENKO (CA SBN 281782)
LWongchenko@mofo.com
4 | MORRISON & FOERSTER LLP
425 Market Street
5 | San Francisco, California  94105-2482
Telephone: 415.268.7000
6 | Facsimile: 415.268.7522

7 | Attorneys for Defendants
BROMLEY TEA COMPANY, EASTERN TEA CORP. D/B/A
8 | BROMLEY TEA COMPANY, LONDON HOLDING
COMPANY, INC., BROMLEY PRODUCTS CORP., IRA
9 | BARBAKOFF, PAUL BARBAKOFF AND GLENN
BARBAKOFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TONY CLANCY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BROMLEY TEA COMPANY, EASTERN TEA CORP. D/B/A BROMLEY TEA COMPANY, LONDON HOLDING COMPANY, INC., BROMLEY PRODUCTS CORP., IRA BARBAKOFF, PAUL BARBAKOFF AND GLENN BARBAKOFF,<br><br>Defendants. | Case No. CV12-03003-JST<br><br>**NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>Hearing Date: June 20, 2013<br>Hearing Time: 2:00 p.m.<br>Judge: Hon. Jon S. Tigar<br>Action Filed: June 11, 2012 |

# NOTICE OF MOTION AND MOTION

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 20, 2013 at 2:00 p.m. or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Jon S. Tigar, Defendants Bromley Tea Company, Eastern Tea Corp. d/b/a Bromley Tea Company, London Holding Company, Inc., Bromley Products Corp., Ira Barbakoff, Paul Barbakoff, and Glenn Barbakoff ("Bromley" or "Defendants") will, and hereby do move, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for an order staying discovery until the pending motion for judgment on the pleadings is resolved and Plaintiff's First Amended Complaint is held to have stated a legally sufficient claim against Defendants. Defendants' motion for judgment on the pleadings is scheduled to be heard by this Court on June 20, 2013.

This motion is based on this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities, and on such other written and oral argument as may be presented to the Court.

Dated: May 6, 2013

WILLIAM L. STERN
CLAUDIA M. VETESI
LISA A. WONGCHENKO
MORRISON & FOERSTER LLP

By: */s/ William L. Stern*
William L. Stern

Attorneys for Defendant
BROMLEY TEA COMPANY,
EASTERN TEA CORP. D/B/A
BROMLEY TEA COMPANY, LONDON
HOLDING COMPANY, INC.,
BROMLEY PRODUCTS CORP., IRA
BARBAKOFF, PAUL BARBAKOFF
AND GLENN BARBAKOFF

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

3    This is a class action where less than $10,000 is at stake. Bromley is a regional tea seller, with 95% of its sales in the Northeast. Mr. Clancy, a California resident, can at most certify a California class under *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012). Defendants have filed a motion for judgment on the pleadings raising issues of preemption, standing, improperly sued parties, compliance with Rule 9(b), and failure to state a claim for express warranty and unjust enrichment. In addition, Bromley asks this Court to strike the nationwide class action allegations based on *Mazza*.

   Some of these grounds for judgment would end the case. Others would significantly limit the scope of the case, either by eliminating entire allegations, causes of action, parties, products, or the purported nationwide class. For all of these reasons, Defendants request that this Court stay the commencement of discovery pending a ruling on the motion for judgment on the pleadings.

**II.   PROCEDURAL AND FACTUAL BACKGROUND**

   Plaintiff Tony Clancy seeks certification of a nationwide class of buyers of Bromley tea products based on alleged noncompliance with FDA labeling requirements. (First Amended Complaint (FAC) at 1:23-25.) At the first Case Management Conference on April 19, 2013, Defendants informed the Court of the peculiar facts of this case: this is a class action where less than $10,000 is at stake. Bromley is a regional tea seller, with 95% of its sales in the Northeast. Mr. Clancy, a California resident, can at most certify a California class under *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012). Bromley indicated that it planned to file a motion on the issue. The Court in the meantime entered a litigation schedule.

   On May 6, 2013, Defendants filed a motion for judgment on the pleadings, asking the Court to find that (i) Plaintiff, a California resident, cannot assert claims on behalf of a nationwide class; (ii) Plaintiff lacks standing to pursue claims relating to products he did not purchase and statements he never saw; (iii) the FAC fails to allege sufficient facts to state a claim against Ira Barbakoff, Paul Barbakoff, Glenn Barbakoff, and London Holding Company, Inc.;

1  (iv) all of Plaintiff's state law claims are preempted because the seek to enforce FDA regulations;
2  (v) Plaintiff fails to plead his claims grounded in fraud with sufficient particularity as required by
3  Rule 9(b); and (vi) the FAC fails to state a claim for unjust enrichment and breach of express
4  warranty. The motion will be heard on June 20, 2013.

## III. ARGUMENT

Defendants have filed a potentially dispositive motion raising issues of preemption, the scope of class allegations, standing, improperly sued parties, compliance with Rule 9(b), and failure to state a claim for express warranty and unjust enrichment. Some of these grounds for judgment would end the case. Others would significantly limit the scope of the case, either by eliminating entire allegations, causes of action, parties, products, or the purported nationwide class.

Under Rule 26 of the Federal Rules of Civil Procedure, this Court has the broad discretion to stay discovery on a showing of "good cause." Fed. R. Civ. P. 26(c). Staying discovery in this circumstance serves the purpose of motions to dismiss and for judgment on the pleadings, by "enabl[ing] defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Syverson v. Int'l Bus. Machs. Corp.*, No. C-03-04529 RMW, 2007 WL 2904252, at *6 n.6 (N.D. Cal. Oct. 3, 2007) (denying plaintiff's request for discovery prior to filing an amended complaint under *Rutman Wine*); *APL Co. Pte Ltd. v. UK Aerosols Ltd.*, 452 F. Supp. 2d 939, 945 (N.D. Cal. 2006) (same), *rev'd on other grounds*, 582 F.3d 947 (9th Cir. 2009). As the Ninth Circuit explained in *Rutman Wine*:

> if the allegations of the complaint fail to establish the requisite elements of the cause of action, [the court's] requiring costly and time consuming discovery and trial work would represent an abdication of [its] judicial responsibility. It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.

829 F.2d at 738 (citation and internal quotations omitted).

Where, as here, a motion to dismiss or for judgment on the pleadings is pending, courts

1  have not hesitated to stay discovery until that motion is resolved.[1] *Id.* (affirming district court's
2  denial of discovery where there was no reasonable likelihood that plaintiff could construct a
3  claim); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Rae v. Union Bank*, 725 F.2d 478, 481
4  (9th Cir. 1984) (holding that the district court did not abuse its discretion in staying discovery
5  pending resolution of a motion to dismiss); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir.
6  2002) (affirming grant of protective order barring discovery pending resolution of defendant's
7  motion to dismiss); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (affirming protective
8  order staying discovery where there was a real question whether plaintiff's claim presented a
9  substantive basis for vacating the judgment); *B.R.S. Land Investors v. United States,* 596 F.2d
10 353, 356 (9th Cir. 1979) (holding that the district court did not err by denying plaintiffs discovery
11 after their original complaint was dismissed with leave to amend).

12        Some district courts in California have followed a two-part test in deciding whether to
13 stay discovery: (1) whether the pending motion is potentially dispositive of the entire case, or at
14 least dispositive on an issue at which discovery is aimed; and (2) whether the potentially
15 dispositive pending motion can be decided absent additional discovery. *Mlejnecky v. Olympus
16 Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (noting
17 the following cases applied variations of this test: *Cal. Sportfishing Protection Alliance v. Chico
18 Scrap Metal, Inc.*, No. S–10–1207 GEB GGH, 2011 WL 130228, at *4 (E.D. Cal. Jan. 14, 2011);
19 *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Res. Dev. Servs., Inc.*, No. C 10–01324 JF (PVT),
20 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010); *Hall v. Tilton*, No. C 07–3233 RMW (PR),
21 2010 WL 539679, at *1 (N.D. Cal. Feb. 9, 2010); *Quest Commc'ns Corp. v. Herakles, LLC*, No.
22 2:07–cv–00393–MCE–KJM, 2007 WL 2288299, at *2 (E.D. Cal. Aug. 8, 2007); *Seven Springs
23 Ltd. P'ship v. Fox Capital Mgmt. Corp*, No. CIV S–07–0142 LKK GGH, 2007 WL 1146607 at
24 *1–2 (E.D. Cal. Apr. 18, 2007); *Quair v. Bega*, No. CV F 02 5891 REC DLB, 2005 WL 552537,

---

[1] The standard for a Rule 12(c) motion for judgment on the pleadings is "virtually identical" to the standard for a Rule 12(b)(6) motion to dismiss. *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) (James, J.), *aff'd*, 237 F.3d 1026 (9th Cir. 2001) (citing *Moran v. Peralta Cmty. Coll. Dist.*, 825 F. Supp. 891, 893 (N.D. Cal. 1993)).

1    at *2 (E.D. Cal. Mar. 7, 2005); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
2    220 F.R.D. 349, 352 (N.D. Cal. 2003); *Lowery v. FAA*, No. CIV.S93 1352EJG/GGH, 1994 WL
3    912632, at *3 (E.D. Cal. Apr. 11, 1994). *See also Pettit v. Pulte Mortg., LLC*, 2:11-CV-00149-
4    GMN, 2011 WL 5546422 at *6 (D. Nev. Nov. 14, 2011) (granting a stay of discovery pending the
5    outcome of a motion for judgment on the pleadings when there were "no factual issues in need of
6    further immediate exploration, and the issues before the district judge are purely questions of law
7    that are potentially dispositive of the entire case.")

8         Defendants' motion for judgment on the pleadings satisfies this two-part test. First,
9    Defendants' motion for judgment on the pleadings is potentially dispositive of the entire case.
10   Second, the issues before the court in the motion for judgment on the pleadings involve issues of
11   law for which no fact discovery is required. Indeed, other judges hosting Plaintiff's counsel's
12   similar food labeling cases have agreed that allowing discovery while the pleadings are not settled
13   would be improper. *See, e.g., Kosta v. Del Monte Corp.*, No. C12-1722-YGR, civil minutes
14   (N.D. Cal. Feb. 25, 2013) (Dkt. No. 84) ("In light of the pending motions, the Court will not yet
15   open discovery."); *see also Maxwell v. Unilever U.S., Inc.*, No. 5:12-CV-01736-EJD (N.D. Cal.);
16   *Lanovaz v. Twinings N. Am., Inc.*, No. C 12-02646-RMW (N.D. Cal.); *Ivie v. Kraft Foods Global,*
17   *Inc.*, No. C 12-02554-RMW (N.D. Cal.).

18        The Supreme Court has recently signaled that discovery stays should be the rule, not the
19   exception, lest a "plaintiff with a largely groundless claim be allowed to take up the time of a
20   number of other people, with the right to do so representing an *in terrorem* increment of the
21   settlement value." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 557–60 (2007) (citation and internal
22   quotations omitted); *see also Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) ("[*Twombly*]
23   teaches that a defendant should not be burdened with the heavy costs of pretrial discovery that are
24   likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a
25   substantial one."); *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008)
26   (explaining that, pursuant to *Twombly*, a "defendant should not be put to the expense of big-case
27   discovery on the basis of a thread-bare claim").

28        The Supreme Court reiterated these concerns in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79

DEFENDANTS' MOTION TO STAY DISCOVERY
CASE NO. CV12-03003-JST
sf-3281504

5

(2009) where it noted that the liberal pleading standards under the Federal Rules should "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  As one district court has held, "[p]ost *Iqbal*, the policy against burdensome discovery in complex cases during the pendency of a motion to dismiss holds fast."  *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 WL 1455358, at *3 (N.D. Ill. May 21, 2009).  "If the complex case is one susceptible to the burdensome and costly discovery contemplated by [*Twombly*] and *Iqbal*, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed." *Id.*

Even if Defendants' motion does not fully dispose of the case, the Court's ruling will materially assist the parties in determining the scope of discovery, including the products at issue, the proper defendants, and the geographical scope of the class.  Because this litigation is complex and involves multiple parties, the resolution and narrowing of certain claims will save significant discovery costs for all parties, and will result in judicial efficiencies.  For that reason, discovery should be stayed until the motion for judgment on the pleadings has been decided.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay discovery pending a ruling on the motion for judgment on the pleadings.

| | | |
|---|---|---|
| 1 | Dated: May 6, 2013 | WILLIAM L. STERN |
| 2 | | CLAUDIA M. VETESI |
| | | LISA A. WONGCHENKO |
| 3 | | MORRISON & FOERSTER LLP |

By: */s/ William L. Stern*
      WILLIAM L. STERN

Attorneys for Defendants
BROMLEY TEA COMPANY, EASTERN TEA CORP. D/B/A BROMLEY TEA COMPANY, LONDON HOLDING COMPANY, INC., BROMLEY PRODUCTS CORP., IRA BARBAKOFF, PAUL BARBAKOFF AND GLENN BARBAKOFF