1  WILLIAM L. STERN (CA SBN 96105)
   WStern@mofo.com
2  CLAUDIA M. VETESI (CA SBN 233485)
   CVetesi@mofo.com
3  LISA A. WONGCHENKO (CA SBN 281782)
   LWongchenko@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: 415.268.7000
6  Facsimile: 415.268.7522

7  Attorneys for Defendants
   BROMLEY TEA COMPANY, EASTERN TEA CORP. D/B/A
8  BROMLEY TEA COMPANY, AND BROMLEY PRODUCTS
   CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TONY CLANCY, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BROMLEY TEA COMPANY, EASTERN TEA CORP. D/B/A BROMLEY TEA COMPANY, and BROMLEY PRODUCTS CORP.,<br><br>        Defendants. | Case No. CV12-03003-JST<br><br>**DECLARATION OF WILLIAM L. STERN IN SUPPORT OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Judge:        Hon. Jon S. Tigar<br>Action Filed:  June 11, 2012<br>Hearing Date: January 9, 2014<br>Time:        2:00 p.m. |

DECLARATION OF WILLIAM L. STERN ISO MOTION TO WITHDRAW
CASE NO. CV12-03003-JST

sf-3351902

I, William L. Stern, declare as follows:

1. I am a member of the bar of this Court, a partner in Morrison & Foerster LLP, and counsel for Defendants in this action. I make this declaration in support of Morrison & Foerster's Motion to Withdraw as Counsel for Defendants. This declaration is based on my personal knowledge. If called as a witness, I could and would testify competently as to the matters set forth herein.

**Initial Engagement and Terms**

2. In December 2012, Defendants retained Morrison & Foerster to represent them in connection with this action. An engagement letter was signed on December 6, 2012. In retaining the firm, Defendants agreed to pay Morrison & Foerster for fees and expenses incurred for such representation, and to do so within 30 days of invoicing. Defendants have breached and remain in breach of their agreement with the firm as to expenses and fees. Fees and expenses are currently due in the amount of $84,927.55, of which $74,200.35 is more than 30 days past due. Continued representation of Defendants will present an unreasonable financial burden on the firm.

**The Reason for Bromley's Nonpayment of Fees**

3. I have had many conversations, both telephonic and in person as well as by e-mail, with the President of Bromley Tea, Ira Barbakoff. Mr. Barbakoff explained to me that Bromley is a tiny, family-owned tea seller headquartered in New Jersey with no presence in California. Ninety-five percent of its sales are in the Northeast and that Bromley Tea's California sales for the entire putative class period are less than $10,000. The problem, however, is that plaintiff Tony Clancy, a California resident, made a one-time purchase of Bromley Tea over the internet on May 21, 2012—20 days before the Complaint was filed—but in his Complaint he is seeking certification of a nationwide class. I advised Bromley Tea that the issue of a nationwide class versus a California-only class is almost outcome-determinative in this case, because if only a California class were certified, the maximum judgment Mr. Clancy (and the class) would be able to obtain (following a successful motion for class certification, summary judgment, trial, and

1

appeal) would be less than $10,000—and that assumes 100% disgorgement of all of Bromley Tea's California revenue. Because of the case-critical nature of that legal issue, I advised Bromley that it could file a motion to strike the nationwide class averments under *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012), because it was unlikely under the facts of *Mazza* that a nationwide class could be certified in this case.

4. Morrison & Foerster filed that motion. (ECF Dkt. No. 50.) However, on August 9, 2013, the Court denied Defendant's motion for judgment on the pleadings with respect to the issue of a nationwide class, holding that this must await class certification. (*See* Order, ECF Dkt. No. 73, 1t 12:20 ["such a fact-heavy inquiry should occur during the class certification stage, after discovery."].)

5. I advised Bromley that the consequence of this Court's August 9, 2013 ruling was that if the case did not settle, there would not be another opportunity to present the issue of California versus nationwide class until the hearing on class certification. In the meantime, Bromley would be required to comply with Plaintiff's discovery requests, which include demands that would potentially require Bromley Tea to undertake eDiscovery. I advised that it would cost Bromley Tea between $150,000-250,000 just to get to that hearing, and perhaps as high as $500,000 depending on eDiscovery costs and third-party vendor costs. I proposed to Mr. Barbakoff a defense litigation strategy and a budget that would take this matter up through class certification.

6. A mediation was held on October 22, 2013, but it was not successful. Bromley Tea has not approved my proposed budget or case strategy plan. Mr. Barbakoff explained that the defense costs to get to the class certification stage are more than his small company can withstand. Consequently, a fundamental disagreement has developed between Defendants and Morrison & Foerster with respect to the strategy for this case and how the matter should be litigated, thus rendering it unreasonably difficult for the firm to carry out the representation effectively.

**Steps to Avoid Prejudice to Bromley Tea**

7. Morrison & Foerster has taken reasonable steps to avoid foreseeable prejudice to Defendants. On October 22, 2013, after the mediation, I advised Mr. Barbakoff that Bromley Tea would need to propose a payment plan to bring the invoices current. I followed that up with an email to him on October 23, 2013. When no payment or payment plan was forthcoming, I gave notice of the firm's intent to withdraw in an email dated November 5, 2013. On November 7, 2013, I emailed Mr. Barbakoff a draft copy of the instant motion, and advised that the motion would be filed after November 15, 2013 if neither payment nor a stipulation to substitute counsel was filed by that date. On November 7, 2013, Mr. Barbakoff responded that a payment would be made on November 8, 2013. It was not made. After the November 15 deadline lapsed, I advised Mr. Barbakoff on Sunday, November 17, 2013, that Morrison would file its motion to withdraw. Through these steps, Morrison & Foerster has allowed ample time for Defendants to either provide for a payment plan, or identify and employ other counsel.

8. To date, Morrison & Foerster is not aware that Defendants have identified new counsel.

9. I have caused this motion and supporting papers to be served on Defendants' President, Ira Barbakoff, by overnight delivery and email.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 18, 2013, at San Francisco, California.

                                                  s/ William L. Stern
                                                    William L. Stern