UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY CLANCY,
    Plaintiff,

v.

THE BROMLEY TEA COMPANY, et al.,
    Defendants.

Case No. 12-cv-03003-JST

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**

Re: ECF No. 77

## I. INTRODUCTION

Morrison & Foerster ("M&F"), counsel to Defendants Bromley Tea Company ("Bromley"), Eastern Tea Corp. d/b/a Bromley Tea Company, and Bromley Tea Company Products Corp. (collectively, "Defendants"), have moved to withdraw as Defendants' counsel, to stay all pre-trial deadlines to allow Defendants to retain successor counsel, and to direct that all future communications be directed to Bromley directly. ECF No. 77. The matter came for hearing January 8, 2014.

## II. BACKGROUND

### A. Procedural and Factual History

Plaintiff Tony Clancy ("Plaintiff") filed this proposed action complaint against Defendants in June 2012. ECF No. 1. Defendants retained M&F to represent them in this action in December 2012. Declaration of William L. Stern ("Stern Decl.") ¶ 2, ECF No. 77-1. In August 2013, the Court granted in part and denied in part Defendants' motion for judgment on the pleadings and motion to strike. ECF No. 73. A mediation was held on October 22, 2013, which was not successful. Stern Decl. ¶ 6.

M&F claims that Defendants have breached and remain in breach of their representation agreement with M&F, stating that expenses are currently due in the amount of $84,927.55, of

1   which $74,200.35 is more than 30 days past due. Stern Decl. ¶ 2. M&F declares that it has
2   proposed a case strategy and budget for its representation, but that Bromley's president has yet to
3   approve it. Stern Decl. ¶ 6. After advising Bromley's president that it would need to propose a
4   payment plan and receiving no response, M&F gave Bromley's president notice of the firm's
5   intent to withdraw on November, 2013, and indicated that this motion would be filed on
6   November 15, 2013 if neither payment nor a stipulation to substitute counsel were filed by that
7   date. Stern Decl. ¶ 7. Bromley's president indicated that a payment would be made on November
8   8, but no payment was made. Id.

In November 2013, M&F filed the instant motion. ECF No. 77. Plaintiff has opposed the motion, stating that it would not oppose M&F's withdrawal from this case, but does oppose any stay of pre-trial deadlines. ECF No. 78.

**B.     Jurisdiction**

Since this is a class action in which: (1) there are over 100 members in the proposed class, (2) members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate, this action satisfies 28 U.S.C. § 1332(d). Moreover, the amount in controversy exceeds the sum or value of $75,000, and the dispute is between citizens of different states, satisfying the requirements of diversity jurisdiction. 28 U.S.C. § 1332(a).

**C.     Legal Standard**

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil Local Rule 11-5(a). Civil Local Rule 11-4(a)(1) requires compliance with the standard of professional conduct required of members of the State Bar of California. See also Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

Pursuant to California Rule of Professional Conduct 3-700(A)(2), counsel "shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing

time for employment of other counsel, complying with rule 3-700(D) [regarding papers], and complying with applicable laws and rules." California Rule of Professional Conduct 3-700(C)(1) allows permissive withdrawal where, *inter alia*, the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively," or if the client breaches an agreement or obligation as to expenses or fees. If one or both of those situations pertain, withdrawal is permitted at the discretion of the district court.

"Factors which courts consider in ruling on a motion to withdraw include: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." Riese v. Cnty. of Del Norte, 12-CV-03723-WHO, 2013 WL 6056606 (N.D. Cal. Nov. 14, 2013) (citing Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141 (E.D. Cal. Jan. 14, 2009)). "The decision to permit counsel to withdraw is within the sound discretion of the trial court." BSD, Inc. v. Equilon Enterprises, LLC, No. 10-5223 SBA, 2013 WL 942578 (N.D. Cal. Mar. 11, 2013) (citing United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009)).

**III.   ANALYSIS**

M&F has provided reasonable notice to Defendants of its intention to withdraw and provided time for Defendants to attempt to locate substitute counsel. M&F has also demonstrated through its declarations that Defendants are in breach of their payment agreement and that Defendants' refusal to assent to a budget or case strategy has made it unreasonably difficult for M&F to conduct the representation. M&F has satisfied the necessary prerequisites to seek to withdraw.

M&F's withdrawal does have the potential to prejudice the litigants and harm the administration of justice. Since M&F's notice of withdrawal in mid-November, no potential substitute counsel has made any appearance, and the parties have not made the Court aware of any. Defending a civil suit without the benefit of counsel is problematic enough for an individual, but as corporations, Defendants may not appear *pro se*. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); see also CE Res., Inc. v. Magellan Grp.,

1    LLC, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (denying

2    motion to withdraw where corporation would be left unrepresented by counsel).  These filings,

3    and the recent publicity regarding this motion, unfortunately make it more likely that Defendants

4    will not be able to retain new counsel.  An adverse judgment in this case is likely to be particularly

5    impactful to Defendants, since M&F's declaration indicates that Bromley is a small company not

6    able to withstand a significant monetary judgment.  Stern Decl. ¶¶ 3, 6.

7      Withdrawal will also impact Plaintiff.  If Defendants do not obtain representation, Plaintiff

8    can seek default judgment against Defendants for his individual damages, but he may not obtain

9    the class-wide damages he seeks through a standard default judgment motion.  See Partington v.

10   American Intern. Specialty Lines Ins. Co., 443 F.3d 334, 341 (4th Cir. 2006); see also Davis v.

11   Hutchins, 321 F.3d 641, 648-49 (7th Cir. 2003).  Plaintiff may need to seek class certification

12   before he can seek class-wide relief, and obtaining discovery will be significantly hampered by

13   Defendants' status as an unrepresented party.

14     Despite these factors, the extended nonpayment in this case, coupled with Defendants'

15   failure to coordinate future litigation strategy with M&F, weigh compellingly in favor of

16   withdrawal.  Even if the Court were to deny the motion (and essentially order M&F to

17   involuntarily provide *pro bono* representation), few of the hardships to Plaintiff and Defendants

18   would be averted, since it has become clearly impracticable for M&F to provide effective

19   representation.

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

4

The Court will not order service be provided directly to Defendants. Instead, since this withdrawal "is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*," the Court will permit withdrawal "subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or *pro se*." Civ. L.R. 11-5(b).

## IV.  CONCLUSION

M&F's motion to withdraw as counsel is GRANTED.

**IT IS SO ORDERED.**

Dated:  January 17, 2014

_____
JON S. TIGAR
United States District Judge

5