UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY CLANCY,<br><br>  Plaintiff,<br><br> v.<br><br>THE BROMLEY TEA COMPANY, et al.,<br><br>  Defendants. | Case No. 12-cv-03003-JST<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION OR, IN THE ALTERNATIVE, WHY MOTION FOR CLASS CERTIFICATION SHOULD NOT BE DENIED** |

Plaintiff Tony Clancy ("Plaintiff" or "Clancy") has moved to certify a class under Rule 23(b)(2) and Rule 23(b)(3), consisting of "all persons in the United States who, from June 11, 2008, until the date of notice, purchased Bromley tea products." Plaintiff Tony Clancy's Motion for Class Certification, for Appointment of Class Representative and for Appointment of Class Counsel ("Mot."), 1, ECF No. 81. Plaintiff seeks to represent this nationwide class in bringing causes of action under three California statutes: the Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*, the False Advertising Law ("FAL"), California Business and Professions Code §§ 17500, *et seq.*, and the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq*. Mot. at 14.

## I. SUBJECT-MATTER JURISDICTION

"[F]ederal courts are under an independent obligation to examine their own jurisdiction." United States v. Hays, 515 U.S. 737, 724 (1995). "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). While Plaintiff has demonstrated the basis of his allegations regarding the parties' diverse citizenship, he has provided no proof evidencing his

assertion that the applicable amount in controversy is satisfied. Amended Complaint ¶¶ 23, 26. Alternatively, he has not demonstrated why the court should exercise supplemental jurisdiction over these state-law claims now that the sole federal claim has been dismissed. Id. ¶ 25; see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 352, n. 10 (1988) ("[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").

Accordingly, Plaintiff is ORDERED to SHOW CAUSE why this action should not be dismissed for lack of subject-matter jurisdiction.

## II. MOTION FOR CLASS CERTIFICATION

If Plaintiff demonstrates that this court has subject-matter jurisdiction over this action, the court will then consider whether to grant Plaintiff's pending motion for class certification.

Defendants have failed to oppose the motion for class certification. However, a class cannot exist by default; the court can only order class-wide relief after determining that Rule 23's requirements for class certification are met. See M.R. v. Dreyfus, 697 F.3d 706, 738 (9th Cir. 2011) (citing Zepeda v. INS, 735 F.2d 719, 728, n.1 (9th Cir. 1985)); accord Parrington v. Am. Specialty Lines Ins. Co., 443 F.3d 334, 341 (4th Cir. 2006) (citing Davis v. Hutchins, 321 F.3d 641, 648-49 (7th Cir. 2003)). Plaintiff's motion requests that the court grant the motion "[a]fter an independent analysis of Plaintiff's motion for class certification." Mot., at 20.

The burden is on a class action proponent to demonstrate that Rule 23's requirements are satisfied. Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2551) (2011). After review of Plaintiff's motion for class certification, the court is unpersuaded that the prerequisites to certification have been met. Accordingly, Plaintiff is ORDERED to SHOW CAUSE why his motion for class certification should not be denied for failure to demonstrate predominance and ascertainability, and for failure to show that Plaintiff has standing to seek injunctive relief.

### A. Predominance

In seeking to certify a Rule 23(b)(3) class, a plaintiff must show that common questions

will "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "Common questions do not predominate where California's consumer protection statutes may not be applied to" a nationwide class. Mazza v. Am. Honda Motor Co., Inc., 666 F.3d 581, 589 (9th Cir. 2012).

Mazza discusses two specific prerequisites which both must be met before a multi-state class of plaintiffs can invoke California law. First, California must have "'significant contact or significant aggregation of contacts' to the claims of each class member." Mazza., 666 F.3d at 589 (quoting Wash. Mut. Bank v. Superior Court, 24 Cal.4th 906, 921 (2001)); see also Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 821-22 (1985); Norwest Mortg., Inc. v. Superior Ct. of San Diego Ctny., 72 Cal. App. 4th 214, 221-22 (1999).

Second, "California law may only be used on a classwide basis if 'the interests of other states are not found to outweigh California's interest in having its law applied.'" Mazza, 666 F.3d at 590 (quoting Wash. Mut. Bank, 24 Cal. 4th at 921). In Mazza, the Ninth Circuit applied California's three-step choice-of-law analysis to a misleading advertising claim like the one at issue in this case, brought under the same statutes Plaintiff invokes here. Id. The Ninth Circuit held "that each nonresident's claim must be governed by the consumer protection laws of his or her jurisdiction," defeating predominance. Mazza, 666 F.3d at 590-94.

Plaintiff's motion does not discuss either requirement, and Plaintiff has failed to demonstrate why either criteria is satisfied.

**B.     Ascertainability**

"While it is not an enumerated requirement of Rule 23, courts have recognized that 'in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable.'" Viet. Veterans of Am. v. CIA, 288 F.R.D. 192, 211 (N.D. Cal 2012) (quoting DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970)). "A class definition is sufficient if the description of the class is 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'" Viet. Veterans, 288 F.R.D. at 211 (quoting O'Connor v. Boeing N. Am., Inc., 184 F.R.D. 311, 319 (C.D. Cal. 1998)).

3

"Administrative feasibility means that identifying class members is a manageable process that does not require much, if any, individual factual inquiry." Rubenstein, Newberg on Class Actions § 3:3 (5th ed.) (citing cases).

Plaintiff has provided no method, let alone an administratively feasible one, by which the absent class members' identities may be ascertained. It is unclear how Plaintiff intends for the court to determine who purchased Bromley tea products during the proposed class period.

### C. Standing to Pursue Injunctive Relief

To establish standing for prospective injunctive relief, a plaintiff must demonstrate that "he has suffered or is threatened with a concrete and particularized legal harm . . . coupled with a sufficient likelihood that he will again be wronged in a similar way." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (internal citation omitted). A plaintiff must demonstrate a "real and immediate threat of repeated injury." Id. Several courts in this district have concluded that a plaintiff challenging misleading advertising under California's consumer protection statutes must show that he is likely to suffer harm from purchasing that same product in the future. See, e.g., Morgan v. Wallaby Yogurt Co., Inc., No. 13-cv-00296-WHO, 2014 WL 1017879, at *6 (N.D. Cal. Mar. 13, 2014).

Plaintiff has failed to show that this is the case, and therefore he has not demonstrated that a Rule 23(b)(2) class is certifiable.

## IV. ORDER

Plaintiff is ORDERED to file a response to this Order to Show Cause of not more than 20 pages not later than twenty-one days from the date of this order.

**IT IS SO ORDERED.**

Dated: July 28, 2014

_____
JON S. TIGAR
United States District Judge

4